This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Kayleen's Steak House, Inc. and John R. Young, appeal from the judgment of the Medina County Court of Common Pleas that affirmed the magistrate's decision. We affirm.
 {¶ 2} Previously, this Court reversed the decision of the trial court that granted a directed verdict in favor of Appellee, Joseph Marks, and remanded the matter for further proceedings to the Medina County Court of Common Pleas. Kayleen's Steakhouse, Inc. v. Marks (July 21, 1999), 9th Dist. No. 2851-M, at 5. Thereafter, amended pleadings were permitted to be filed and the parties withdrew their original jury demand. Renewed summary judgment motions were denied, and a magistrate's hearing was held on January 31, 2001. The magistrate found in favor of Appellee.
 {¶ 3} The parties had fourteen days to file written objections. Appellant filed objections. The trial court held a hearing on the objections but was not provided with a transcript of the prior proceedings. On February 15, 2002, the trial court adopted the magistrate's findings. Appellant timely appealed.
 ASSIGNMENT OF ERROR {¶ 4} "The trial court committed prejudicial error in affirming a magistrate's decision which held, contrary to fact and law, that `no proper demand was made for return of the property at issue' in [Appellants'] claim of conversion of [Appellants'] tavern business equipment."
 {¶ 5} In their sole assignment of error, Appellants assert that the trial court improperly adopted the magistrate's decision. Specifically, Appellants contest the finding that "no proper demand was made[.]" For the reasons set forth below, we disagree.
 {¶ 6} Notwithstanding Appellants' arguments, we note their failure to file a transcript of the hearing held before the magistrate for the trial court to review when ruling on the objections. Civ.R. 53(E)(3)(b) provides that "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." (Emphasis added.) Appellants maintain that a transcript was not necessary because "[n]o transcript was available and [Appellants'] objections are supported by * * * sworn [a]ffidavits[.]" However, the record indicates otherwise; the court reporter certified that she stenographically recorded the testimony before Magistrate James Leaver. Additionally, she stated that "Appellant never requested it be transcribed either for the hearing before Judge Collier or for the [present appeal]." Due to the fact that Appellants failed to provide the trial court with a transcript of the hearing with their objections to the magistrate's decision, this court does not know what evidence, if any, they produced to support their allegations and claims. Consequently, we conclude that the trial court did not err in adopting and affirming the magistrate's findings. Boggs v. Boggs (1997), 118 Ohio App.3d 293, 301. See, also, Ferrone v. Kovack, 9th Dist. No. 3279-M, 2002-Ohio-3625, at ¶ 8. Without an adequate record, "a court of appeals must `presume [the] regularity of the [trial] court's judgment based on the [magistrate's] report and recommendations.'" Friess v. Hague (Aug. 6, 1997), 9th Dist. No. 96CA006518, at 7. See, also, Ferrone at ¶ 8. Accordingly, Appellants' sole assignment of error is overruled.
 {¶ 7} Appellants' assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
BAIRD, J. CONCURS, CARR, J., CONCURS IN JUDGMENT ONLY.